ALVAREZ, DEMANDANTE Y APELANTE, *v.* SUCESORES DE NARCISO VILARÓ, S. EN C., ET AL., DEMANDADOS Y APELADOS.

APELACIÓN procedente de la Corte de Distrito de Mayagüez en pleito sobre tercería de bienes inmuebles e *injunction.*

No. 1986.—Resuelto en julio 31, 1919.

TERCERÍA—EMBARGO—FRAUDE—ALEGACIONES—PRUEBA DEL TÍTULO FRAUDULENTO DEL TERCERISTA ES ADMISIBLE.—Cuando en un pleito de tercería en que el demandante alega ser dueño de cierta propiedad embargada por el demandado, presenta aquél un título para probar sus alegaciones, puede el demandado, bajo una negación general en su contestación, presentar prueba tendente a demostrar el carácter de falso, simulado y fraudulento de tal título.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Angel A. Vázquez.*

Abogado de los apelados: *Sr. Benito Forés.*

EL JUEZ ASOCIADO SR. HUTCHISON, emitió la opinión del tribunal.

La ley titulada "Ley para proveer el procedimiento en los casos de tercería sobre bienes muebles e inmuebles," etc., aprobada en 14 de marzo de 1907, fué enmendada en el año 1908, agregándosele la sección 16 *a,* la cual es como sigue:

"La tercería respecto a bienes inmuebles se iniciará por demanda que formalizará el reclamante contra todas las personas que tengan interés en el asunto y el juicio se sustanciará por los trámites del Código de Enjuiciamiento Civil."

Miguel Alvarez estableció demanda como reclamante de cierta finca rústica una parte de la cual había sido embargada por sucesores de Narciso Vilaró, S. en C., en un pleito civil en cobro de dinero seguido contra Ramón Acosta.

En la demanda no se hizo constar la naturaleza u origen del título, sino que simplemente se alegaba que el demandante era dueño de la finca en cuestión. Acosta no compareció, y Sucesores de Narciso Vilaró formularon su contestación a la demanda negando el supuesto dominio de la finca por el demandante.

En el juicio el demandante ofreció como prueba un docu-

mento privado otorgado por Acosta y su esposa con el objeto de mostrar que se había hecho una venta al demandante y los demandados presentaron sin objeción por parte del demandante prueba documental y testifical tendente a establecer el carácter de falsa, simulada y fraudulenta de la aludida venta de la finca hecha al demandante.

El juez sentenciador, al analizar esta prueba, se expresó como sigue:

"La prueba de los demandados sobre el fraude ha demostrado evidentemente su existencia por los actos realizados por el demandante personalmente, tratando de dejar, como dejó, completamente insolvente al deudor (por actos fraudulentos y combinados entre ellos. Se demostró que el demandante, Miguel Alvarez, era acreedor de Acosta Vilanova por un pagaré fechado en octubre 1916. Aparece en febrero 1917 comprándole el terreno objeto de la tercería y dejando vigente aquella deuda. En mayo 14, de 1917 comparecen ambos ante notario a tratar de legalizar aquella venta y en ese mismo día se radica la demanda de Alvarez en cobro del referido pagaré y le embarga dos establecimientos en los cuales existían parte de los licores que en el mes anterior vendió Acosta a Sucesores de Narciso Vilaró, rematando las existencias el propio demandante por $50.

"Tres días después de radicada la demanda se presenta el agente vendedor de Sucesores de Narciso Vilaró a cobrar el importe de los licores y se encuentra todo embargado por el demandante, ofreciendo el deudor garantizar la cuenta con el terreno objeto de la tercería y al ser embargado, se presenta el demandante alegando ser dueño de ese terreno.

"El mismo demandante manifestó que el deudor no poseía otros terrenos que la finca objeto de la tercería, y después de la fecha de la venta aparece el deudor garantizando un préstamo agrícola con dos cuerdas y media de la propia finca."

El demandante interpone apelación contra una sentencia por la que se desestima la demanda y alega como error que "la corte erró al desestimar la demanda, a pesar de que el demandante probó todos los hechos esenciales de sus alegaciones."

Dejando a un lado toda cuestión relativa a haberse ele-

vado el documento privado a documento público mediante la aludida autenticación e inscripción en un registro notarial de *affidavits,* cuestión que, según el criterio que tenemos, no es necesario discutir ahora, el demandante cita los casos de ,Solá v. *Morera et. al.,* 7 D. P. R. 7; *Morales* v. *Arce,* 18 D. P. R. 545, y *Falagán* v. *Arán,* 20 D. P. R. 459, para sostener su proposición de que la corte inferior no debió haber considerado la prueba relativa al fraude por no haber estado sostenida ésta por la debida alegación en la contestación.

El caso citado en primer lugar fué resuelto mucho tiempo antes de haber sido aprobada la ley de 1907. El de *Morales* v. *Arce* también parece referirse a cosas ocurridas con anterioridad a la enmienda hecha en el año 1908, y la declaración que se hace en la opinión de que "la cuestión relativa al traspaso fraudulento no podía ser promovida por el demandado Morales mediante reconvención en el procedimiento de tercería" constituía uno de los cuatro fundamentos por virtud de los cuales se declaró con lugar la petición que se hizo de que fueran eliminadas de la contestación varias defensas. Además, la cuestión que se consideraba en aquel caso era si la omisión en alegar el fraude como materia de reconvención en un procedimiento de esta naturaleza, impedía o no a una parte de poder establecer luego una acción para rescindir un contrato por existir fraude. En el caso de *Falagán* v. *Arán,* esta corte simplemente resolvió que el acreedor reclamante que trata de rescindir un contrato fraudulento deberá probar que el deudor demandado era insolvente.

"De acuerdo con los principios generales de evidencia el reclamante o tercerista tiene derecho a presentar cualquier prueba pertinente a las cuestiones en litigio y que tiendan a establecer su título o derecho a la propiedad mientras que el demandante que procede al embargo puede probar cualesquiera hechos que legítimamente tiendan a resolver y anular tal título o reclamación de acuerdo con la negativa hecha en la réplica general." 6 C. J. p. 395–96, sección 87.

"En un procedimiento de embargo en que un tercero intervino

alegando ser el dueño de la finca, el demandante tenía derecho a probar en una negativa general que la reclamación del dominio hecha por el tercerista era fraudulenta y que no tenía título alguno.'' *Id.* p. 396, nota 3, donde se cita el caso de *Gate City, Nat. Bank* v. *Boyer,* 142 S. W. 487.

Véase también la página 393, nota 76, donde se cita el caso de *Paterson* v. *Palmer,* 4 Sask. L. 487.

Además, en el presente caso, como ya hemos indicado, el apelante no hizo ninguna objeción en la corte inferior a la admisión de la prueba tendente a mostrar el carácter fraudulento de su reclamación y su alegación de que tal prueba no debió haber sido tomada en consideración por la corte inferior resulta demasiado tarde en apelación.

Aunque la prueba relativa al fraude y a la insolvencia no es tan concluyente como pudiera ser, es suficiente para sostener la sentencia.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Asociados Wolf, del Toro y Aldrey.

El Juez Presidente Sr. Hernández no tomó parte en la resolución de este caso.